# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs February 23, 2012


## ALDRICK D. LILLARD v. STATE OF TENNESSEE


**Appeal from the Circuit Court of Rutherford County**
**No. F-65218     David Bragg, Judge**

---

**No. M2011-01380-CCA-R3-PC - Filed September 27, 2012**

---

JEFFREY S. BIVINS, J., concurring in part and dissenting in part.


I respectfully dissent from the majority's holding that the post-conviction court erred in failing to allow the Petitioner to amend his petition during the evidentiary hearing. The Petitioner sought to amend his petition to allege another ground for his claim of ineffective assistance of counsel. Specifically, the amendment would have raised the issue of trial counsel's failure to assert the trial court's denial of a motion for a mistrial in the Petitioner's motion for new trial or on direct appeal. The motion for a mistrial related to the admission of impermissible character evidence regarding prior, uncharged bad acts during the prosecutor's opening statement.

Rule 28 of the Rules of the Tennessee Supreme Court addresses hearing procedures in post-conviction actions. The Rule expressly provides that "the court *may* allow amendments and *shall do so freely* when the presentation of the merits of the cause will otherwise be subserved." Tenn. Sup. Ct. R. 28 § 8(D)(5) (emphasis added). Thus, as I interpret this rule the post-conviction court has discretion as to whether to allow the amendment. The Rule then goes on to give guidance to the post-conviction court to exercise that discretion liberally "when the merits of the cause will otherwise be subserved." Because the Rule does not mandate allowance of the amendment even when the merits will be otherwise subserved, I conclude that we can reverse the post-conviction court on this issue only if we conclude that the post-conviction court abused its discretion.

The proof in this case demonstrates that post-conviction counsel was appointed on September 22, 2010. On December 1, 2010, post-conviction counsel filed a motion for an extension of time to file an amended petition. The amended petition ultimately was filed on March 3, 2011. Post-conviction counsel conceded during the hearing that neither the original petition nor the amended petition contained this alleged ground of ineffective assistance of counsel. Moreover, when the post-conviction court denied the motion to amend during the

hearing, it offered the Petitioner the chance to make an offer of proof as to what additional evidence he sought to introduce on this issue. The Petitioner offered no other proof. Post-conviction counsel did not ask any additional questions of lead counsel nor did he ask any questions of co-counsel as part of an offer of proof on this issue.

Despite the Petitioner's failure to provide any additional evidence in the form of an offer of proof, the majority still concludes that the trial court erred in denying the oral motion to amend the petition during the hearing. The majority opines that "the Petitioner should have been given the opportunity to question co-counsel about this mistrial issue, allowing him to fully-develop the issue and ensuring that he received a full and fair hearing." As a result, the majority remands this case to the post-conviction court with instructions to allow the amendment and to take any additional proof necessary to resolve the claim raised by the amendment.

Under the record before us, I cannot conclude that the post-conviction court abused its discretion in denying the motion to amend. The Petitioner had more than adequate time to raise the issue prior to the hearing. Perhaps even more importantly, the Petitioner did not provide any evidence through an offer of proof as to what additional evidence he could offer on this issue, be it through co-counsel, additional questioning of lead counsel, or some other witness. Moreover, the Petitioner bears the burden of proof to demonstrate that he was prejudiced by the failure of trial counsel to raise the mistrial issue in the motion for new trial or on direct appeal. He offered no such proof despite the fact that the post-conviction court offered him the opportunity to do so. Without evidence of prejudice in the record, I fail to see how the "merits of the cause will otherwise be served" by allowing the amendment and requiring the post-conviction court to hold an additional hearing. Accordingly, I would hold that the post-conviction court did not err in denying the motion to amend.

For these reasons, I respectfully dissent on this issue. On all other issues, I concur with the majority opinion.


_____
JEFFREY S. BIVINS, JUDGE